Case of Original Jurisdiction.
PER CURIAM.
In accordance with the constitutional responsibility of this Court to review and certify to the Legislature the need for additional judgeships as provided in Article V, Section 9 of the Florida Constitution, and for the reasons set forth below, this Court certifies the need for the following new judicial positions, effective July 1, 1982, for the continued, effective operation of the courts of this State.

On March 13, 1981, this Court issued its certification decision in Case No. 60,359 which addressed the needs of the Judiciary for Fiscal Year 1981-82 and, also, identified certain needs which it then felt would exist during Fiscal Year 1982-83. 396 So.2d 172. Of the circuit judgeships now being certified, five were previously certified for Fiscal Year 1982-83 and one was certified for Fiscal Year 1981-82 which was not authorized by the Legislature. Regarding the new county court judgeships, all five judge-ships which are now being certified were previously certified for Fiscal Year 1981-82, but were not authorized by the Legislature. Thus, of the new judgeships now being certified, only four represent needs which were not previously identified for the 1981-83 biennium.
The certification process began in September, 1981 when the State Courts Administrator provided caseload and population statistics to the Chief Judges in each District Court of Appeal as well as each of the State’s twenty Judicial Circuits. Requests were submitted by the Chief Judges to the Chief Justice in October. These requests included three additional judgeships for the District Courts of Appeal, twenty-four additional judgeships for the Circuit Courts and eleven additional judgeships for the County Courts. During November, the Chief Justice and State Courts Administrator traveled primarily to those areas which had not previously submitted requests for additional judgeships. Participating in these meetings were representatives from the offices of various state attorneys, public defenders, county commissions, local Bar representatives, and legislative members and staff. The several criteria used by the Court in *1013 this process and identified in our March, 1981 certification decision, were again utilized.
FINDINGS
DISTRICT COURTS OF APPEAL
Second Appellate District. The Second District currently has nine judges. The need for an additional judge during Fiscal Year 1982-83 is certified.
Some of the factors upon which this certification is based are that the Second District continues to have the highest total population as well as the highest population per judge of any Appellate District. In addition, case filings are now exceeding dispositions, resulting in a growing case inventory.
CIRCUIT AND COUNTY COURTS
First Judicial Circuit (Escambia, Santa Rosa, Okaloosa, and Walton Counties). There are currently fourteen circuit judges in the First Circuit. Our most recent certification decision indicated the likelihood that additional judicial manpower would be required in this circuit before the expiration of the biennium. Furthermore, we indicated that a criterion which would be important in the Court’s consideration of an additional judge for Fiscal Year 1982-83 would be the continued heavy usage of retired judges during Fiscal Year 1981-82. In fact, the First Circuit has continued to rely very heavily on retired judges in order to assist with their caseload. There has been a 31% increase in filings between 1979 and 1981 and it has now been five years since a circuit judgeship was approved for the First Circuit. For these reasons, the need for one additional circuit judgeship is certified.
Fifth Judicial Circuit (Marion, Lake, Sumter, Hernando, and Citrus Counties). The Fifth Circuit currently has nine circuit judgeships. The need for one additional circuit judgeship is certified based upon the very high filing per judge ratio which exists in the circuit, the 32% increase in filings between 1979 and 1981, a very high rate of growth of population in the circuit, the existence of numerous state facilities within the circuit, and the very large geographic size of the circuit. In addition, four of the seven county court judges in the Fifth Circuit are non-lawyers who cannot assist with the duties of the circuit bench. The Fifth Circuit made no request last year, hence, this need was not earlier identified by the Court.
Sixth Judicial Circuit (Pinellas and Pasco Counties). The Sixth Circuit currently has twenty-seven circuit judgeships, and the need for one additional circuit judgeship is certified. This judgeship was certified for the second year of the biennium in our March, 1981 certification decision. We have looked again at the factors which went into our previous determination of need for the Sixth Circuit, and find that this need continues to exist.
Seventh Judicial Circuit (St. Johns, Fla-gler, Putnam, and Volusia Counties). Volu-sia County currently has five county court judgeships, and one additional county court judgeship is certified. This particular county court judgeship was certified previously, but was not authorized. The very high filing per judge ratio existing in the county court in Volusia County, as well as the high population growth and nature of the population existing in Volusia County, reconfirms the need for this additional county court judgeship.
Ninth Judicial Circuit (Orange and Osceola Counties). The Ninth Circuit has seventeen circuit judgeships, and the need for an additional circuit judgeship is certified. This need was certified in our March, 1981 decision, but the additional judgeship was not authorized by the Legislature. The Court has again reviewed the criteria upon which the determination of need was made previously, and finds that the need continues to exist. The very high population growth and nature of the population existing in the Ninth Circuit, the high number of attorneys in the area, and the continued rapid development in the area indicate that this need for an additional judgeship continues to exist.
*1014 Twelfth Judicial Circuit (Manatee, DeSo-to, and Sarasota Counties). Sarasota County currently has three county court judge-ships, and the need for an additional county court judgeship is certified. This need was certified previously, but the additional judgeship was not authorized by the Legislature. The Court has reviewed the criteria which it considered in its March, 1981 decision, and based upon those criteria as well as updated statistics finds that this need continues to exist.
Thirteenth Judicial Circuit (Hillsborough County). Hillsborough County currently has nine county court judgeships, and the need for one additional county court judgeship is certified. This Court has previously certified the need for two additional county court judgeships, but an additional circuit judgeship was approved by the Legislature in 1981 in lieu of the county court judge-ships certified. There have been no county court judgeships authorized since 1973. Hillsborough County continues to have a high filing per judge ratio, and a very high population per county court judge compared with other counties in the State.
Fifteenth Judicial Circuit (Palm Beach County). The Fifteenth Circuit currently has nineteen circuit judgeships, and the need for one additional circuit judgeship is certified. This need was previously certified for the second year of the biennium. This Court has reviewed the criteria upon which this certification was based and finds that the need continues to exist. Total filings have increased 33% in the circuit since 1979, and there is a 51% projected population increase between 1975 and 1985. The Fifteenth Circuit ranks second in the State in the combined factors of filings, attorneys and population per judge. These factors confirm the continued need for an additional circuit judgeship.
Sixteenth Judicial Circuit (Monroe County). The Sixteenth Circuit has three circuit judgeships, and the need for one additional circuit judgeship is certified. The Sixteenth Circuit made no request last year, hence, this need was not earlier identified by the Court. While the filing per judge ratio is low in the Sixteenth Circuit, a number of other factors must be considered in this determination of need. The Sixteenth Circuit currently has the fewest number of circuit judgeships in the State. No additional circuit judgeship has been authorized since 1975. While population growth has been small, the nature of the population existing in the Sixteenth Circuit, as well as the considerable amount of travel time required for the three current judges, are the primary factors considered in this determination of need. The circuit judges regularly are required to travel between Key West and Marathon, a distance of 48 miles, and Key West and Plantation Key, a distance of 88 miles, using a two-lane highway which makes such travel very difficult and time-consuming. The additional judgeship would allow one judge to sit in the Middle or Upper Keys and handle the growing caseload originating from those areas and, thus, lessen the amount of travel which must be done by the other circuit judges. Furthermore, the placement of a judge in the Middle or Upper Keys will greatly expand the access of litigants in that area to the court, especially in connection with hearing emergency matters.
Seventeenth Judicial Circuit (Broward County). The Seventeenth Circuit currently has 39 circuit judgeships and 15 county court judgeships. The need for two additional circuit judgeships, and two additional county court judgeships is certified. The need for two circuit judgeships in the second year of the biennium was previously certified. We certified last year the need for two county court judgeships for Fiscal Year 1981-82, but none were authorized. While the Seventeenth Circuit did receive three circuit judgeships last year, one more than was certified, this Court feels that a 31% increase in circuit court filings between 1979 and 1981, the very high rate of growth in the population, as well as the nature of that population, and the extensive use of retired judges indicate the continued need for additional circuit judgeships in the Seventeenth Circuit. Broward County ranks highest in the State in county court filings per judge ratio, and this Court concludes *1015 that the previously certified need for additional county court judges continues to exist.
Twentieth Judicial Circuit (Collier, Hen-dry, Glades, Charlotte, and Lee Counties). The Twentieth Circuit currently has nine circuit judgeships, and the need for one additional circuit judgeship is certified. This need was recognized in our previous certification decision, and based upon the continued high ratio of filings per judge, and the 68.9% projected population increase between 1975 and 1985, as well as the fact that three of the nine county court judges in the Twentieth Circuit are non-lawyers, the continued need for this additional judgeship is confirmed.
CERTIFICATION
Therefore, in accordance with Article V, Section 9, Florida Constitution, we certify the need for the additional District, Circuit and County Court judgeships indicated above. This Court certifies that these judicial officers are necessary and we recommend that they be made permanent by law and funded by the State.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.